**N THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **NICKOLAS DIEGO GUZMAN** | § | |
| **PLAINTIFF,** | § | **C.A.   No.:  4:26-cv-2129JAMES** |
| | § | **STRICKLER** |
| **v.** | § | |
| | § | |
| **KLEIN INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | **REQUEST FOR JURY TRIAL** |
| **DEFENDANTS and** | § | |
| **JAMES  STRICKLER,** | § | |
| **DEFENDANTS** | § | |
| | § | |

## ORIGINAL COMPLAINT

NOW COMES Nicholas Diego Guzman (hereinafter "Nickolas" or "the Student"), otherwise referred to as "Plaintiff" herein, complaining of the KLEIN INDEPENDENT SCHOOL DISTRICT (hereinafter referred to as the "School District") and JAMES STRICKLER, In His Individual Capacity and files this his *Original Complaint* and would respectfully show as follows:

## I. NATURE AND PURPOSE OF THE ACTION

1. Nickolas is a student with Asthma, a disability known to Staff.  In October of 2024 Defendant Strickler a teacher at the Klein High School made Nickolas and his classmates pick up a huge trailer and attempt to move it. Nickolas became very anxious and realized his breathing was impaired.  He used his inhaler but remained week.  Strickler threatened Nickolas and the others with a failing grade if they did not assist in moving the trailer. So Nickolas joined a group of students who attempted to pick up the trailer bed and then roll it away. There were six or seven students on each side, with a few on each corner. The group tried to pick it up, but it was too heavy, were unable to do so, and dropped it. Unfortunately Nickolas, already a bit impaired wasn't as quick as his peers to respond and could not get his hand out of the way. The thousand pound plus trailer fell on both is hands.  Nickolas with overt injuries and in excruciating pain went to the School Nurse, who did little and failed to Emergency Medical Services ("EMS"). Plaintiff has reason and belief the School District

had a custom of not contacting EMS even when a student's medical condition warranted such a call.

2.  Nickolas alleges that Defendant School District violated his rights contemplated by the United States Constitution, including Equal Protection and Due Process, which are enforceable by and through the 42 U.S.C. §1983. Additionally he alleges he was a victim of discrimination based upon disability, as contemplated by Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 and the Americans With Disabilities Act, 42 U.S.C.§12131. Additionally, that Defendant James Strickler by and through his reckless behaviors violated Plaintiff's rights pursuant to both the United States Constitution and the Texas Tort Claims Act.

## II.  JURISDICTION

3.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C.A. §§ 1331 and 1343 because the matters in controversy arise under the United States Constitution, and the law and regulations promulgated thereunder.

4.  Furthermore, this Court and supplemental jurisdiction over various state and common law claims pursuant to 28 U.S.C. § 1367.

## III.  VENUE

5.  Under 28 U.S.C. §1391, venue is proper before this Court because the events and omissions giving rise to the Plaintiffs claims occurred in the Southern District of Texas, Houston Division.

## IV.  PARTIES

6.  Nickolas Guzman lives in Spring, Texas.

7.  The Klein Independent School District is a political subdivision of the State of Texas and receives at least in part, federal funding.  It is a local educational agency, within the meaning of state and federal law and the rules promulgated thereunder.  It is considered a "State Actor," and thus must satisfy the requisites of both the United States Constitution and both

the federal and state laws and regulations promulgated thereunder. Among other things it is required to assure students are educated in safe and non-hostile educational environment. They may be served by and through the District's Superintendent, the Honorable Jenny McGown, Superintendent, at 7200 Spring Cypress Road, Klein, Texas 77379.

8. James Strickler is a Teacher at the Klein Independent School District and can also be served at 7200 Spring Cypress Road, Klein, Texas 77379.

## V. <u>STATEMENT OF FACTS</u>

A. ABOUT NICKOLAS

9. Nickolas was born in May of 2007.

10. He has had asthma since his early childhood. He uses an Inhaler as needed. In fact, his doctor directed him to take it to school every day as a precaution.

11. He first attended the Spring Independent School District for elementary school. The teachers and the School Nurse all knew about his disability. He did need to use the Inhaler occasionally. To do so, he had to visit the school nurse. This information is part of his permanent educational record.

12. He later entered the Aldine Independent School District for middle school and the first part of high school. Again, his doctor directed him to take it to school every day as a precaution. His teachers and the School Nurse all knew about his Asthma and need for an Inhaler, which he used on as "as needed basis." Again, this information is part of his permanent educational record.

13. Prior to entering the Klein Independent School District his permanent educational records transferred, including the above noted health information.

14. Additionally his mother filled out various health related forms for the Klein Independent School District Administrative Staff.

15. Upon registration his mother Irene Vasquez also told Staff that Nickolas had asthma and needed to keep his inhaler close by. She also spoke with and shared this information with

the School Nurse.

16. Nickolas entered the  the 11th grade at the Klein Oak High School in the Fall of 2023.

17. He was taking a Welding Class.  The teacher was Mr. Strickler who was also was in charge of Future Farmer's Of America ("FFA") Program.

18. As part of the FFA program the animals produce a substantial amount of waste.

19. It was very difficult to place the waste in a trash can as it the lid was too far off the Strickler thought it wise to put together a ramp to drive up to the trash can to make it easier to get rid of the animal waste.

20. The ramp was about 30 feet long and another 10-15 feet wide  It did not have any wheels on it.

21. On or about October 4, 2023 after lunch  Nickolas was with his classmates in Welding Class held inside a classroom in the main building.

22. Strickler directed Nickolas and his classmates outside to an area behind the school, where all the farm animals, implements and ramp was kept.

23. On that day there was also of animal waste from a previous private agricultural event in a pick-up truck.

24. Strickler told Nickolas and the other students that if he they didn't help move the trailer they would fail the class. Nickolas knew he had to participate.

25. The ramp was a significant distance away from the pick up truck.

26. The intent was to bring the ramp to the garbage pail and carry it over. They were about a ½ mile away from each other.  Srickler directed the Students to pick up the trailer and bring it to the pickup truck.

27. Nickolas became anxious and realized his breathing was impaired.

28. He told Strickler he had a asthma and needed his inhaler and needed to use it.  Nickolas said he would be right back.

29. Nickolas used the Inhaler and returned to class.

30. It takes a significant amount of time for the inhaler to take effect. Nickolas reports that when he returned to class he was still not not yet breathing normally.

31. Mr. Stickler did not check on how well Nickolas was feeling.

32. Nickolas understood he had no choice but he participate in the group activities and was frightened to say anything.

33. In any case, and forced to do so, and already with his breathing compromised Nickolas joined a group of students who attempted to pick up the bed and then roll it away. There were six or seven students on each side, with a few on each corner.

34. The group tried to pick it up, but it was too heavy, were unable to do so, and dropped it.

35. Unfortunately Nickolas, already a bit impaired wasn't as quick as his peers to respond and could not get his hand out of the way. The thousand pound plus trailer fell on both is hands.

36. Nickolas screamed out in pain. It was excruciating. He was in shock. He had a lot of blood and visible holes in his fingers. He walked to the School Nurse by himself, who merely rinsed his hand and wrapped it up.

37. She did not contact Emergency Medical Services but instead called Nickolas' mother. She came to the school.

38. Plaintiff understands through reason and belief that the School Nurse was effectuating an official School District custom not to call emergency medical services.

C.    INJURIES SUSTAINED

39. Immediately after the incident Nickolas' mother took him to the hospital. His hands were very sore and there were no stitches because there was not enough skin left to do so. He was given pain medications.

40. He missed approximately two weeks of school.

41. He could not write nor type.

42. Even though Nickolas was a student known to have a disability, and had experienced significant injuries impairing his physical ability to participate in academic and non-

academic programs, the District failed to provide him any measures to address the injuries he sustained at school.

43.    His asthma worsened.

44.    He almost failed the entire grade.

45.    His hands are now deformed.

46.    He can no longer use his hands normally like he could before the injury.

47.    He even has a difficult time holding, for instance, a coffee cup.

48.    When the weather changes and it gets cooler the pain worsens.

49.    He takes pain medication as necessary.

50.    He can never do welding or mechanics again.  He cannot work in a warehouse.

51.    He was hoping to work as a butcher but the pain is too great for him to work in the cold.

## VI.  STATE ACTION

52.    Plaintiff incorporate by reference all the above-related paragraphs with the same force and effect as if herein set forth. In addition, each sentence and paragraph below, likewise incorporates by reference as if fully set forth herein, the one above it.

53.    Here the School District was at all times and in all matters acting under color of state and federal law regarding the acts and omissions alleged herein.

## VII.  CLAIMS PURSUANT TO THE U.S. CONSTITUTION

A.    NICKOLAS GUZMAN  HAS CONSTITUTIONAL RIGHTS AT SCHOOL

54.    Plaintiff contends that the acts and omissions of the School Board violated Plaintiff's right to his physical privacy and life, liberty and the pursuit of happiness, as contemplated by the Fourteenth Amendment of the Constitution of the United States for which he seeks recovery against the School District pursuant to 42 U.S.C. §1983.

55.    In addition, Plaintiff has a cognizable property right in his education pursuant to the Constitution of the United States and Texas. The School Board failed to ensure that Plaintiff was able to enjoy such rights, and as such, seeks recovery for damages pursuant to 42 U.S.C.

Original Complaint                                                                                                          6

§1983.

B.    CLAIMS PURSUANT TO THE 14TH AMENDMENT

    1.    Equal Protection Claim

56.   Plaintiff contends that the acts and omissions of School District Board violated his rights pursuant to the *Equal Protection Clause* of the Fourteenth Amendment of the Constitution of the United States for which he seeks recovery pursuant to 42 U.S.C. §1983.

    2.    Due Process, State Created Danger

57.   In addition and in the alternative, Plaintiff contends that acts and omissions by the School Board created the dangers he experienced, and violated both his procedural and substantive rights as contemplated by the *Due Process Clause* of 14th Amendment to the United States Constitution, likewise protected by 42 U.S.C. §1983.

    3.    Due Process- Unconstitutional Policy & Procedure

58.   Also, in addition and in the alternative, Plaintiff contends that the School District had a practice and custom of failing to contact Emergency Medical Services, even when a Student's medical condition warranted such a call, which violated both his procedural and substantive rights as contemplated by the *Due Process Clause* of 14th Amendment to the United States Constitution, likewise protected by 42 U.S.C. §1983.

## VIII.  VIOLATIONS OF SECTION 504 OF THE REHABILITATION ACT OF 1973

59.   The School District receives federal funds and thus must follow the requisites of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 ("Section 504"). The implementing regulations of Section 504 require that each state that receives disbursements, including the state's political subdivisions such as local school districts, must ensure all students with disabilities are given appropriate and necessary accommodations, pursuant to federal law and rules. To the degree that a policy or practice hinders honest consideration of a disabled student's unique and individualized needs, and fails to accommodate that child's disability and keep the student safe, it violates Section 504.  Here the School District failed and refused

to reasonably accommodate and modify services needed by him based upon his disabilities and as such, has a plausible "failure to accommodate claim" pursuant to the Rehabilitation Act.

A.    FAILURE TO KEEP SAFE CLAIM

60.    In addition and in alternative to the above, the Student asserts that the School District failed to provide him a safe and non-hostile educational environment, and as such he is a victim of discrimination based upon disability pursuant to Section 504.

B.    DISPARATE TREATMENT CLAIM

61.    The above noted facts also support a plausible "Disparate Treatment" pursuant to the Rehabilitation Act.

C.    FAILURE TO ACCOMMODATE CLAIM

62.    The above noted facts also support a plausible "failure to accommodate claim" pursuant to the Rehabilitation Act and similar to the ADA claim noted below.

## IX. CLAIMS RELATED TO THE AMERICANS WITH DISABILITIES ACT

63.    The School District operates a public service and thus must follow the requisites of the Americans with Disabilities Act, 42 U.S.C. §12131, et seq ("ADA").  In addition and in the alternative to the above, and separate and apart from his Section 504 cause of action, Plaintiff alleges that the School District failed and refused to reasonably accommodate and modify services needed by him, based upon his disabilities, in violation of Title II of the ADA.

## XI. PLAINTIFF'S CONSTITUTIONAL RIGHT TO BODILY INTEGRITY

64.    At all times relevant, Defendant Strickler was acting in his capacity as an employee for the Defendant School District, and therefore was acting under the color of the law.  His actions and omissions which caused deprivations of Guzman's Constitutional Rights are thus enforceable pursuant to 42 U.S.C. §1983..

65.    Specifically, and at all times relevant hereto, Guzman possessed both a substantive and

procedural *Due Process* right including, but not limited to, a liberty interest in his bodily integrity.

66.    Specifically, and at all times relevant hereto, Guzman possessed both a substantive and procedural *Due Process* right including, but not limited to, a privacy interest in his bodily integrity.

67.    Specifically, and at all times relevant hereto, Guzman possessed both a substantive and procedural *Due Process* right including, but not limited to, a dignity interest.

68.    The acts and omissions of Defendant Strickler were deliberately indifferent to the overall health, safety and welfare of Guzman and his bodily integrity, and thus deprived him of this constitutional rights to privacy and dignity thereby.

## XI. TEXAS TORT CLAIMS ACT

69.    The acts and omissions of Mr. James Strickler, were reckless and thus violated the Texas Tort Claims Act at Chapter 101, Section 101.021(1)(A) of the Civil Practices & Remedies Code.  Accordingly, Plaintiff has a claim against him for this cause of action.

## XII. RATIFICATION AND RESPONDEAT SUPERIOR

70.    The Klein Independent School District Board of Directors ratified the acts, omissions and customs of School District personnel and staff.

71.    Additionally, the School District is responsible for the acts and omissions of School District Staff Members who injured B.M. pursuant to the theory of *Respondeat Superior*.

## XIII.  DAMAGES

72.    As a direct and proximate result of the Defendants conduct jointly and severally, Plaintiff has suffered injuries and damages, for which he is entitled to recover against them jointly and severally, including but not limited to:

a.    Loss of equal access to pubic school educational opportunities;

b.    Nominal damages;

c.    Consequential damages;

d.    Loss of equal access to educational opportunities;

e.    Physical pain in the past;

f.    Physical pain in the future;

g.    Medical expenses in the past;

h.    Medical expenses in the future;

i.    Mental anguish in the past;

j.    Mental anguish in the future;

k.    Mental health costs in the past;

l.    Mental health costs in the future;

m.    Reimbursement for loss of employment opportunities;

n.    Reimbursement of past and future out-of-pocket expenses incurred by the family of Plaintiff but for the acts and omissions of the Defendant.

## XIV. <u>PUNITIVE DAMAGES</u>

73.    Plaintiffs incorporate by reference all the above-related paragraphs, as well as those below, with the same force and effect as if herein set forth.

74.    Plaintiffs reasonably believe the acts and omissions of Defendant Paley satisfy criteria for violation of civil rights and discrimination because the facts shock the conscience, this satisfying criteria for punitive damages, as contemplated by Section 1983.

## XV. <u>ATTORNEY FEES</u>

75.    Plaintiffs incorporate by reference all the above related paragraphs, as if fully set forth herein.

76.    It was necessary for Plaintiffs to retain the undersigned attorneys to file this lawsuit. Upon judgment, Plaintiffs are entitled to an award of attorney fees and costs pursuant to 42 U.S.C. §1983, 1988(b) and 42 U.S.C. § 2000 et seq.

## XVI. <u>SPOLIATION</u>

77.    Plaintiff hereby requires and demands that the School District preserve and maintain all

evidence pertaining to any claim or defense related to violations, causes of action, facts, and resulting damages set forth herein and/or made the basis of this petition and request for due process, including, but not limited to, statements, photographs, videotapes, audiotapes, surveillance, security tapes, business or medical records, incident reports, telephone records, emails, text messages, electronic data/information, and any other evidence, potential evidence, or potentially discoverable documents.

78.     Failure to maintain such items will constitute "spoliation" of evidence, which will necessitate use of the spoliation interference rule—an inference or presumption that any negligent or intentional destruction of evidence was done because the evidence was unfavorable to the spoliator's case.

## XVII. DEMAND FOR JURY TRIAL

79.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a jury trial for all issues in this matter.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against the School District and Defendant Strickler, jointly and severally, in the manner and particulars noted above, and in an amount sufficient to fully compensate him for the elements of damages enumerated above, judgment for damages, recovery of attorneys' fees and costs for the preparation and trial of this cause of action, and for its appeal if required, pursuant to Section 504, the ADA, 42 U.S.C. §1983 and the Texas Tort Claims Act, together with pre- and post-judgment interest, and court costs expended herein, as well as the equitable issues noted above; and for such other relief as this Court deems just and proper whether at law or in equity or both.

Respectfully submitted,

*/s/ Martin J. Cirkiel*
Mr. Martin J. Cirkiel, Esq.
Cirkiel & Associates, P.C.
State Bar Of Texas Bar Number 00783829
Fed. ID No. 21488
1005 West 41ST St Suite 201

Austin, Texas 78756
(512) 244-6658 [Telephone]
(512) 244-6014 [Facsimile]
marty@cirkielaw.com [Email]

ATTORNEYS FOR PLAINTIFF